## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**DEBORAH GONZALEZ, APRIL BOYER BROWN, LINDA LLOYD, ADAM SHIRLEY, and ANDREA WELLNITZ,**

          **Plaintiffs,**

**v.**

**BRIAN KEMP, GOVERNOR OF THE STATE OF GEORGIA, and BRAD RAFFENSPERGER, SECRETARY OF STATE, STATE OF GEORGIA,**

          **Defendants.**

**Civil Action File No.**

## <u>COMPLAINT</u>

Plaintiffs Deborah Gonzalez, April Boyer Brown, Linda Lloyd, Adam Shirley, and Andrea Wellnitz bring this civil rights action under 42 U.S.C. §1983 for prospective injunctive relief, and for the issuance of a writ of mandamus pursuant to O.C.G.A. § 9-6-20, against Georgia's Governor Brian Kemp and Georgia's Secretary of State Brad Raffensperger, each in their official capacity.

## INTRODUCTION AND SUMMARY

1.

"The right to vote freely for the candidate of one's choice is of the essence of a democratic society, and any restrictions on that right strike at the heart of representative government." *Reynolds v. Sims*, 377 U.S. 533, 555 (1964). "Other rights, even the most basic, are illusory if the right to vote is undermined." *Wesberry v. Sanders*, 376 U.S. 1, 17 (1964).

2.

"Candidacy for office is one of the ultimate forms of political expression in our society." *Grizzle v. Kemp*, 634 F.3d 1314, 1322 (11th Cir. 2011) (quoting *Morial v. Judiciary Comm'n of Louisiana*, 565 F.2d 295, 301 (5th Cir.1977)). "The exclusion of candidates also burdens voters' freedom of association, because an election campaign is an effective platform for the expression of views on the issues of the day, and a candidate serves as a rallying-point for like-minded citizens." *Anderson v. Celebrezze*, 460 U.S. 780, 787 (1983).

3.

"It is fundamentally unfair and constitutionally impermissible for public officials to disenfranchise voters in violation of state law so that they may fill the seats of government through the power of appointment.  We therefore hold that such action violates the due process guarantees of the fourteenth amendment." *Duncan v. Poythress,* 657 F.2d 691, 704 (5th Cir. 1981).

4.

The Georgia Constitution provides that district attorneys "shall be elected by the electors of their respective circuits" for a four-year term, with elections occurring "immediately preceding the expiration of their respective terms."  Ga. Const. Art. VI, Sec. VIII, Par. I(a).   It further states that vacancies shall be filled by appointment of the governor.  *Id*.

5.

In 2018, Georgia passed O.C.G.A. § 45-5-3.2 (the "2018 Law") which states that if the governor's appointment to fill a district attorney vacancy occurs within 6 months of the general election, the voter election for that seat will not occur until 2 years later, via special election; under such circumstances, the governor's

appointee will serve for at least two years.  As explained below, the 2018 Law

violates the United States Constitution and the Georgia Constitution.

6.

On July 11, 2019, Plaintiff Deborah Gonzalez publicly declared her

candidacy to run in the November 3, 2020 general election for District Attorney of

the Western Judicial Circuit ("Western Circuit").  On February 5, 2020, Ken

Maudlin, the then-District Attorney for the Western Circuit resigned effective

February 29, 2020, leaving the seat vacant.

7.

On March 6, 2020, Gonzalez attempted to qualify for the 2020 Western

Circuit District Attorney election, but Secretary of State officials informed her that

there would be no election, despite the requirement in the Georgia Constitution that

district attorneys be elected every four years.  In addition, at the time that the

Secretary of State cancelled the election, the Governor still had until May 3, 2020

to make an appointment that, even under Defendants' interpretation of Georgia

law, would not have required the election to be cancelled.

8.

By May 3, 2020 – that is, six months before the November 3, 2020 election – Governor Kemp had not appointed a replacement to fill the Western Circuit vacancy.  Had he done so by May 3, 2020, the appointee would have only served the remainder of the existing term, that is, until December 31, 2020.

9.

Plaintiffs bring this action because, first, the Governor's failure to appoint a replacement before May 3, 2020, and the Secretary's cancellation of the November 3, 2020 election for the District Attorney for the Western Circuit, deny Plaintiff Gonzalez her right to candidacy, and deny Plaintiffs and other Western Circuit voters their right to elect their district attorney every four years as guaranteed by the Georgia Constitution.  The denial of these rights serves no compelling, or even legitimate, state purpose, and therefore violates the United States Constitution. (*See* Count I, *infra*).

10.

Second, because the 2018 Law gives the Governor unfettered discretion to determine the timing of his vacancy appointment, the Governor can, and here has, repressed a political process that is already underway, thereby violating the First

Amendment rights of candidates and voters.  The Law enables the Governor to consider the viewpoints and political affiliations of potential candidates and the majority of a circuit's electors in deciding when to fill a vacancy.  By withholding his appointment until after May 3, 2020, Governor Kemp forced the cancellation of the 2020 Western Circuit District Attorney election, depriving Plaintiffs of their constitutionally protected First Amendment rights to speech and association.   This discretion renders the 2018 Law unconstitutional on its face and as-applied. (*See* Count II, *infra*).

11.

Third, the 2018 Law violates the Georgia Constitution.  The Georgia Constitution guarantees to the people the right to vote for district attorney every four years, without exception.  The 2018 Law, by allowing the Governor's appointee to serve beyond the term of the vacated office, and allowing the Secretary to not hold an election for district attorney every four years, plainly and materially conflicts with the Georgia Constitution. Plaintiffs are therefore entitled to a writ of mandamus compelling the Secretary to comply with the Georgia Constitution by holding the election for Western Circuit District Attorney on November 3, 2020.  (*See* Count III, *infra*).

12.

Plaintiffs therefore seek – through mandamus or the exercise of this Court's equity jurisdiction - an order requiring Secretary Raffensperger to take all steps necessary to conduct the general election previously scheduled for November 3, 2020 for the position of Western Circuit District Attorney, and enjoining Defendants' applying and enforcing O.C.G.A. § 45-5-3.2.

## JURISDICTION AND VENUE

13.

This Court has subject-matter jurisdiction over each of the claims raised in this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), § 1343 (jurisdiction over civil rights actions), § 1367 (supplemental jurisdiction), § 2201 (jurisdiction to grant declaratory relief) and § 2202 (jurisdiction to grant relief ancillary to declaratory judgment).

14.

Venue lies in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b) because some of the offices of the Defendants are in Fulton County and a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district.

**PLAINTIFFS**

15.

Plaintiff Deborah Gonzalez ("Gonzalez") resides in Athens-Clarke County, Georgia, which is located in the Western Judicial Circuit.  Gonzalez is a former member of the Georgia General Assembly, serving as a state representative for Georgia House District 117 from November 2017 until January 2019.   On July 11, 2019, Gonzalez publicly declared her candidacy for District Attorney of the Western Judicial Circuit for the 4-year term beginning January 1, 2021.  Gonzalez is a registered voter of the State of Georgia.  She had intended to vote in the election for the Western Circuit District Attorney for the four-year term beginning January 1, 2021.  If the election occurs, Gonzalez fully intends to be a candidate for the position and vote in the election.

16.

Plaintiff April Boyer Brown ("Brown") is a registered voter in Athens-Clarke County, Georgia, which is within the Western Judicial Circuit.   Brown had intended to vote in the election for the Western Circuit District Attorney for the four-year term beginning January 1, 2021.  If it occurs, Brown fully intends to vote in the election.

17.

Plaintiff Linda Lloyd ("Lloyd") is a registered voter in Athens-Clarke County, Georgia, which is within the Western Judicial Circuit.   Lloyd had intended to vote in the election for the Western Circuit District Attorney for the four-year term beginning January 1, 2021.  If it occurs, Lloyd fully intends to vote in the election.

18.

Plaintiff Adam Shirley ("Shirley") is a registered voter in Athens-Clarke County, Georgia, which is within the Western Judicial Circuit.   Shirley had intended to vote in the election for the Western Circuit District Attorney for the four-year term beginning January 1, 2021.  If it occurs, Shirley fully intends to vote in the election.

19.

Plaintiff Andrea Wellnitz ("Wellnitz") is a registered voter in Oconee County, Georgia, which is within the Western Judicial Circuit.  Wellnitz had intended to vote in the election for the Western Circuit District Attorney for the four-year term beginning January 1, 2021.  If it occurs, Wellnitz fully intends to vote in the election.

**DEFENDANTS**

20.

Defendant Brian Kemp is Governor of the State of Georgia.  He is being

sued in his official capacity for prospective declaratory, injunctive and mandamus

relief.

21.

Defendant Brad Raffensperger is Georgia's Secretary of State.  He is being

sued in his official capacity for prospective declaratory, injunctive and mandamus

relief.  The office of Secretary of State "imbues him with the responsibility to

enforce the law or laws at issue in the suit," specifically the election laws in the

State of Georgia.  *Grizzle*, 634 F.3d at 1319.

**FACTS**

**A.    Georgia Statutory and Constitutional Framework**

22.

The Constitution of the State of Georgia provides that "[t]here shall be a

district attorney for each judicial circuit, who shall be elected circuit-wide for a

term of four years. The successors of present and subsequent incumbents shall be

elected by the electors of their respective circuits at the general election held

immediately preceding the expiration of their respective terms."  Ga. Const. Art.

VI, Sec. VIII, Par. I(a).  With respect to districts attorneys who leave office prior to

the end of their 4-year term, the Georgia Constitution instructs that "[v]acancies

shall be filled by appointment of the Governor."  *Id*.

23.

O.C.G.A. § 45-5-3.2 was passed in 2018 and took effect March 22, 2018.

2018 Ga. Laws 291, § 2.  It states:

> In those instances where the Governor fills a vacancy in the office of
> district attorney pursuant to Article VI, Section VIII, Paragraph I(a) of
> the Constitution, the vacancy shall be filled by the Governor
> appointing a qualified individual to the office of district attorney who
> shall serve until January 1 of the year following the next state-wide
> general election which is more than six months after the date of the
> appointment of such individual, even if such period of time extends
> beyond the unexpired term of the prior district attorney.

24.

Under the 2018 Law, if the Governor fills a district attorney vacancy within

6 months of a general election for the seat, the general election will not occur, and

the Governor's appointee will remain in office, until January 1 after the *next*

Georgia general election.  Georgia holds a general election every even-numbered

year.  For example, if the Governor fills the vacancy for the Western Circuit

District Attorney within 6 months of the November 3, 2020 general election for the seat, the Governor's appointee will serve until December 31, 2022, thereby plainly violating voters' rights under the Georgia Constitution to elect the district attorney every four years.

25.

The 2018 Law also gives the Governor unfettered discretion to decide when to appoint someone to fill a district attorney vacancy.  In this case, for example, had the Governor made an appointment promptly, or even within two months, the election for district attorney for the term beginning January 1, 2020 would not have been cancelled.  Instead of making a timely appointment, the Governor has waited and used the 2018 Law to take away what the Georgia Constitution gives to voters: the right to vote for district attorney every four years.

**B.    District Attorneys in Georgia**

26.

The office of district attorney is established by the Georgia Constitution.  Ga. Const. Art. VI, Sec. VIII, Par. I(a).  District attorney responsibilities include: representing the state in all criminal cases in the superior court of the district attorney's judicial circuit; representing the state in all criminal

cases before the Georgia Supreme and Appeals Courts that derive from the circuit's superior or juvenile courts; attending grand juries, examining witnesses before them, and advising them on applicable law; preparing all indictments when requested by a grand jury, and prosecuting all indictable offenses; advising law enforcement officers about sufficiency of evidence, warrants, and similar investigation-related issues; and assisting victims and witnesses of crime. *Id*. at Par. I(d); O.C.G.A. § 15-18-6.

27.

Georgia has 49 judicial circuits, one of which is the Western Judicial Circuit. Each judicial circuit is served by one district attorney. Ga. Const. Art. VI, Sec. VIII, Par. I(a). The Western Circuit serves Athens-Clarke and Oconee Counties.

28.

Georgia's district attorney general elections are included in Georgia's general election scheduled for November of every even-numbered year. For more than 75% of the judicial circuits, their last general election occurred on November 8, 2016, and their next general election is scheduled for November 3, 2020.

## C.    Facts Specific to this Litigation

29.

On November 8, 2016, Ken Mauldin was duly elected to serve as the Western Circuit's District Attorney for a 4-year term beginning January 1, 2017 and continuing through December 31, 2020.

30.

On July 11, 2019, Gonzalez announced her candidacy for District Attorney of the Western Circuit for the 4-year term beginning January 1, 2021.  The general election for the seat was scheduled for November 3, 2020.

31.

On July 31, 2019, Mauldin announced that he would not run for re-election for the 4-year term beginning January 1, 2021, but intended to finish his current term as the Western Circuit District Attorney.

32.

On February 5, 2020, Mauldin resigned as the District Attorney of the Western Circuit, effective February 29, 2020.

33.

After Mauldin announced his resignation, Governor Brian Kemp called for applications from people wishing to be considered for appointment to the vacant Western Circuit District Attorney position.  The due date for applications was February 20, 2020.

34.

Georgia requires that candidates seeking to be listed on the ballot for a district attorney election must "qualify" with the state, which includes filing prescribed paperwork, documentation and fees during a set time established by the Secretary of State.  To appear on the November 3, 2020 ballot, district attorney candidates were required to qualify between March 2 and March 6, 2020.

35.

On March 6, 2020, Gonzalez attempted to qualify for the 2020 Western Circuit District Attorney election.  She brought all required qualification documents and fees to the Georgia State Capitol where the qualification process was being conducted.  When she attempted to submit her qualification documents, she was not permitted to do so.  A representative of the Secretary of State's office informed her that there would be no election for Western Circuit District Attorney.

36.

Between March 2020 through May 3, 2020, hundreds of citizens contacted Governor Kemp's office to urge that he appoint a Western Circuit District Attorney prior to May 3, 2020 so that the electors could determine who would serve as their district attorney for the term beginning January 1, 2021.

37.

As of May 17, 2020, Governor Kemp had not appointed anyone to fill the Western Circuit District Attorney vacancy.

38.

In taking the actions described here, Defendants are acting under color of state law to violate the rights of the Plaintiffs under the United States Constitution.

**COUNT I: FUNDAMENTAL RIGHT TO VOTE**
**42 U.S.C. § 1983**

**Infringement of the Fundamental Right to Vote and Right to Candidacy in Violation of the United States Constitution's First and Fourteenth Amendments**

39.

Plaintiffs incorporate and reallege each of the foregoing paragraphs.

40.

The Georgia Constitution mandates that Georgia's district attorneys "shall be elected" "by the electors" "for a term of four years."  Ga. Const. Art. VI, Sec. VIII, Par. I(a).  It further mandates that successors to incumbent district attorneys "shall be elected" "at the general election held immediately preceding the expiration of their respective terms."  *Id*.  It provides that "[v]acancies shall be filled by appointment of the Governor." *Id*.

41.

Secretary Raffensperger has the affirmative duty under the Georgia Constitution to hold the election for the Western Circuit District Attorney during the 2020 general election, for the four-year term that begins January 1, 2021.

42.

"It is fundamentally unfair and constitutionally impermissible for public officials to disenfranchise voters in violation of state law so that they may fill the seats of government through the power of appointment."  *Duncan v. Poythress,* 657 F.2d 691, 704 (1981).

43.

Secretary Raffensperger's cancellation of the Western Circuit District Attorney 2020 election, relying on O.C.G.A. § 45-5-3.2, violates voters' fundamental constitutional right to elect their district attorney whose term begins January 1, 2021, and burdens the potential candidates' constitutional right to candidacy.

44.

Even if the Secretary's actions do not violate state law, his actions violate the United States Constitution because they burden the right to vote and right to candidacy without sufficient justification.

45.

"A court considering a challenge to a state election law must weigh 'the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate' against 'the precise interest put forward by the State as justifications for the burden imposed by its rule,' taking into consideration 'the extent to which those interests make it necessary to burden the plaintiff's rights.'" *Burdick v. Takushi*, 504 U.S. 428, 434 (1992) (quoting *Anderson*, 460 U.S. at 789).

46.

To determine whether an election law is constitutional, the "rigorousness of [the] inquiry" "depends upon the extent to which a challenged regulation burdens First and Fourteenth Amendment rights." *Burdick,* 504 U.S. at 434.  When constitutional rights are subjected to "'severe'" restrictions, the regulation must be "'narrowly drawn to advance a state interest of compelling importance.'" *Id*. (quoting *Norman v. Reed*, 502 U.S. 279, 289 (1992)).

47.

The 2018 Law severely restricts Plaintiffs' First and Fourteenth Amendment rights by, first, eliminating entirely their right to vote for district attorney every four years.

48.

Second, by granting the Governor the unfettered discretion to decide whether his district attorney appointment will be made before or within  the six month period prior to a general election, the 2018 Law severely restricts voters' and potential candidates' right to free speech and association because their ability to vote and run for office may be decided based upon their viewpoints and political affiliations.

49.

Because of the severe burden on Plaintiffs' First and Fourteenth Amendment rights, Secretary Raffensperger must have a compelling reason for cancelling the 2020 election for the Western Circuit District Attorney.  *See Burdick*, 504 U.S. at 434.

50.

The cancellation of the 2020 election for Western Circuit District Attorney does not advance any legitimate state interest, much less a state interest of compelling importance.

51.

The only purpose served by cancelling the 2020 Western Circuit election is to disenfranchise Western Circuit voters.  The disenfranchisement of voters and suppression of candidate's rights are constitutional violations, not legitimate State interests.

52.

Plaintiffs are accordingly entitled to preliminary and permanent injunctive relief requiring Secretary Raffensperger to conduct the cancelled election.

## COUNT II: FUNDAMENTAL RIGHT TO SPEECH AND ASSOCIATION
## 42 U.S.C. § 1983

**Infringement of the Fundamental Right to Speech and Association in Violation of the United States Constitution's First Amendment**

53.

Plaintiffs incorporate and reallege each of the foregoing paragraphs.

54.

It "is beyond debate that freedom to engage in association for the advancement of beliefs and ideas is an inseparable aspect of the 'liberty' assured by the Due Process Clause of the Fourteenth Amendment, which embraces freedom of speech." *Anderson,* 460 U.S. at 787 (quoting *NAACP v. Alabama*, 357 U.S. 449, 460 (1958)).

55.

Facial challenges to state laws are permitted under the First Amendment's overbreadth doctrine where every application of the law creates an impermissible risk of suppression of ideas, such as a law that delegates overly broad discretion to the decisionmaker. *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1269 (11th Cir. 2011).

56.

In deciding the timing of his appointment under the 2018 Law, the governor

is not required to rely on any objective factors or narrowly drawn, reasonable and

definite standards.

57.

The First Amendment prohibits the vesting of such unbridled discretion in a

government official unless strict scrutiny analysis is met. *Id*. at 133.  The

unfettered discretion granted by the 2018 Law enables the governor to interrupt an

ongoing campaign in which candidates and voters are exercising their First

Amendment rights.  The Governor may base his timing decision – and the decision

of whether a scheduled district attorney election will be cancelled – on  the

viewpoints and political affiliations of the majority of voters and potential

candidates in the judicial circuit where the election would occur.  A candidate's

constitutional rights are subjected to "severe restrictions" when the government has

"unfettered discretion to exclude candidates."  *Duke v. Smith,* 13 F.3d 388 (11th

Cir. 1994).

58.

To survive constitutional analysis, the 2018 Law must be narrowly tailored to advance a compelling state interest.  *Id.*

59.

There is no governmental interest supporting the 2018 Law, let alone a compelling one.  The State Constitution granted to voters the right to choose their district attorney every four years.  A law that undermines the mandates of the State Constitution does not advance a legitimate, much less compelling, state interest.

60.

Because the burdens that the 2018 Law place on the rights of the Plaintiffs are not justified by any important state interest, the 2018 Law violates the First Amendment to the United States Constitution.

61.

Plaintiffs are accordingly entitled to preliminary and permanent injunctive relief, enjoining Defendants from applying and enforcing the 2018 Law.

## COUNT III: PETITION FOR WRIT OF MANDAMUS

62.

Plaintiffs incorporate and reallege each of the foregoing paragraphs.

63.

Secretary Raffensperger has the official duty under the Georgia Constitution to conduct an election for District Attorney for the Western Circuit every four years. Since the last election for District Attorney for the Western Circuit was in 2016 for the four-year term beginning January 1, 2017, Secretary Raffensperger has the official duty to conduct an election in 2020 for the four-year term beginning January 1, 2021.

64.

The remedy of mandamus is available where, as here, the state law under which the Secretary is acting conflicts with the Georgia Constitution. *Morris v. Glover,* 151 Ga. 751 (1905).

65.

Plaintiffs are accordingly entitled to a writ of mandamus directing the Secretary to take all steps necessary to conduct the election for the Western Judicial Circuit's District Attorney whose 4-year term will begin January 1, 2021.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that this Court:

1. Issue an order directing Secretary Raffensperger to take all steps necessary to conduct the election for the Western Judicial Circuit's District Attorney whose 4-year term will begin January 1, 2021;

2. Declare O.C.G.A. § 45-5-3.2 null and void as a violation of the United States and Georgia Constitutions;

3. Issue an order preliminarily and permanently enjoining Defendants from enforcing O.C.G.A. § 45-5-3.2;

4. Retain jurisdiction to ensure Defendants' ongoing compliance with the Orders entered by the Court in this case;

5. Grant Plaintiffs their reasonable attorney's fees, costs, and expenses incurred in this action pursuant to 42 U.S.C. § 1988; and

6. Grant Plaintiffs such other relief as the Court deems just and proper.

Respectfully submitted this 18th day of May, 2020.

> */s/ Bruce P. Brown*
> Bruce P. Brown
> Georgia Bar No. 064460
> bbrown@brucepbrownlaw.com
> BRUCE P. BROWN LAW LLC
> 1123 Zonolite Rd. NE
> Suite 6
> Atlanta, Georgia 30306
> (404) 881-0700
> *Attorney for Plaintiffs*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing Complaint has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

*/s/ Bruce P. Brown*
Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
Attorney for Plaintiffs
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
(404) 881-0700