[PUBLISH]

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

_____

No. 20-12649

_____

D.C. Docket No. 1:20-cv-02118-MHC

DEBORAH GONZALEZ,
APRIL BOYER BROWN,
ADAM SHIRLEY,
ANDREW WELLNITZ,
LINDA LLOYD

Plaintiffs – Appellees,

versus

GOVERNOR OF THE STATE OF GEORGIA,
SECRETARY OF THE STATE, STATE OF GEORGIA

Defendants – Appellants.

_____

On Appeal from the United States
District Court for the Northern District of Georgia

_____

(August 11, 2020)

Before MARTIN, JILL PRYOR, and BRANCH, Circuit Judges.

BRANCH, Circuit Judge:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA
PURSUANT TO O.C.G.A. § 15-2-9

TO THE SUPREME COURT OF GEORGIA AND ITS HONORABLE

JUSTICES:

On March 6, 2020, Deborah Gonzalez attempted to qualify for the

November 3, 2020 election to the office of the district attorney for the Western

Judicial Circuit, a position vacated on February 29, 2020.  Georgia Secretary of

State Raffensperger determined that Gonzalez could not qualify for the November

2020 election for the district attorney for the Western Judicial Circuit because,

pursuant to O.C.G.A. § 45-5-3.2(a), there would not be an election for that position

in November 2020.  Instead, the next election for that office would take place in

November 2022—the state-wide general election immediately prior to the

expiration of Governor Kemp's (yet-to-be-named) appointee's term.

Gonzalez, together with four registered voters in the Western Judicial Circuit

who intended to vote for the district attorney for the Western Judicial Circuit in

November 2020, brought suit against Governor Kemp and Secretary

Raffensperger, (1) alleging a violation of the Fourteenth Amendment's Due

Process Clause[1] because O.C.G.A. § 45-5-3.2(a) violates Article VI, Section VIII, Paragraph I(a) of the Georgia Constitution,[2] (2) alleging a violation of the First Amendment's right to free speech and association, and (3) seeking a petition for a writ of mandamus directing Secretary Raffensperger to conduct the election for the office of the district attorney for the Western Judicial Circuit on November 3, 2020.

The plaintiffs also sought a preliminary injunction requiring Governor Kemp and Secretary Raffensperger to move forward with the November 2020 election for the Western Judicial Circuit district attorney.  The district court granted the preliminary injunction.  It concluded that the plaintiffs were likely to succeed on their federal due process claim because O.C.G.A. § 45-5-3.2(a), which sets forth the procedure for filling district attorney vacancies, conflicts with Georgia Constitution Article VI, Section VIII, Paragraph I(a), which provides for the creation of the district attorney office for each judicial circuit in Georgia.

---

[1] The plaintiffs styled this claim as an "infringement of the fundamental right to vote and right to candidacy in violation of the United States Constitution's First and Fourteenth Amendments," but the district court considered it as a Due Process claim under the Fourteenth Amendment.  We therefore do the same here.

[2] The plaintiffs base this claim on our decision in *Duncan v. Poythress*, 657 F.2d 691, 698 (5th Cir. 1981).

3

The central question on appeal, therefore, is whether O.C.G.A. § 45-5-3.2(a)

conflicts with Georgia Constitution Article VI, Section VIII, Paragraph I(a).

The Georgia Constitution provides for the creation of the office of district

attorney for each judicial circuit in Georgia and states, in relevant part:

> There shall be a district attorney for each judicial circuit, who shall be
> elected circuit-wide for a term of four years.  The successors of
> present and subsequent incumbents shall be elected by the electors of
> their respective circuits at the general election held immediately
> preceding the expiration of their respective terms.  District attorneys
> shall serve until their successors are duly elected and qualified.
> Vacancies shall be filled by appointment of the Governor.

Ga. Const. art VI, § VIII, ¶ I(a).  As to the procedure for the filling of vacancies for

the office of district attorney, O.C.G.A. § 45-5-3.2(a) provides as follows:

> In those instances where the Governor fills a vacancy in the office of
> district attorney pursuant to Article VI, Section VIII, Paragraph I(a) of
> the Constitution, the vacancy shall be filled by the Governor
> appointing a qualified individual to the office of district attorney who
> shall serve until January 1 of the year following the next state-wide
> general election which is more than six months after the date of the
> appointment of such individual, even if such period of time extends
> beyond the unexpired term of the prior district attorney.

We understand the Georgia state-wide general election is fast approaching.

But this case requires us to resolve a question at the core of the state's authority:

whether a Georgia statute concerning elections of local officials violates the

Georgia Constitution.  And neither the Georgia Supreme Court nor the Georgia

Court of Appeals has addressed the question before us.  We therefore conclude that

certification is appropriate.  *See Arizonans for Official English v. Arizona*, 520 U.S.

4

43, 79 (1997) ("Warnings against premature adjudication of constitutional questions bear heightened attention when a federal court is asked to invalidate a State's law, for the federal tribunal risks friction-generating error when it endeavors to construe a novel state Act not yet reviewed by the State's highest court."); *see also* <u>*Forgione v. Dennis Pirtle Agency, Inc.*</u>, 93 F.3d 758, 761 (11th Cir. 1996) ("When substantial doubt exists about the answer to a material state law question upon which the case turns, a federal court should certify that question to the state supreme court in order to avoid making unnecessary state law guesses and to offer the state court the opportunity to explicate state law.").

We respectfully certify the following question for resolution:

Does O.C.G.A. § 45-5-3.2 conflict with Georgia Constitution Article VI, Section VIII, Paragraph I(a) (or any other provision) of the Georgia Constitution?

Our statement of the question is intended to guide the Supreme Court of Georgia; it is not meant to restrict its inquiry.  *See Bohannon v. Allstate Ins. Co.*, 824 F.2d 950 (11th Cir. 1987).

Accordingly, we direct the clerk of this court to transmit the certificate, as well as the briefs and records filed with this court to the Supreme Court of Georgia and to transmit copies of the certificate to the attorneys for the parties.

5

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 11, 2020

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  20-12649-X
Case Style:  Deborah Gonzalez, et al v. Governor of the State of Ga., et al
District Court Docket No:  1:20-cv-02118-MHC

Enclosed is this Court's certified question to the Georgia Supreme Court.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jenifer L. Tubbs
Phone #: 404-335-6151

OPIN-7 Ltr to State Court Certif Ques